Gregory Adam **ENGESETH**, Jayne Ilene **Bartholdi**, and Michael David **Ferris**, individually, and on behalf of all others similarly situated, Plaintiffs,

v.

The **COUNTY OF ISANTI**, **MINNESOTA**, Defendant.

Civil No.  06–CV–2410 MJD/RLE.

United States District Court, D. Minnesota.

Oct. 20, 2009.

---

Vincent J. Moccio, Robins, Kaplan, Miller & Ciresis LLP, Counsel for Plaintiffs.

Shane A. Carlson, Defendant appearing pro se.

## FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER

MICHAEL J. DAVIS, Chief Judge.

This matter comes before the Court on the Affidavit of Vincent J. Moccio [Doc. No. 108], counsel for Plaintiffs, in response to this Court's Order to Show Cause [Doc. No. 107].

■ On August 07, 2009, Vincent J. Moccio caused to be filed a Sworn Accounting Affidavit [Doc. No. 104] that included full social security numbers and dates of birth for 179 Individuals. Federal Rule of Civil Procedure 5.2(a) states that:

Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a

financial-account number, a party or nonparty making the filing may include only:

(1) the last four digits of the social-security number and taxpayer-identification number;

(2) the year of the individual's birth;

Fed.R.Civ.P. 5.2(a). The Court hereby finds that Moccio violated Federal Rule of Civil Procedure 5.2(a) by filing the Sworn Accounting Affidavit [Doc. No. 104].

■ Because of the serious consequences of Moccio's conduct and the lack of judgment demonstrated by his actions, the Court imposes the following sanctions under its inherent power: Moccio is ordered to notify all injured individuals of the improper disclosure of their personal information, to provide each individual with individualized credit reports and credit monitoring, and to make a payment of $5,000 to the Second Harvest Heartland food bank.

These sanctions are meant to punish Moccio for his actions and to deter him from repeating those actions. The Court is deeply concerned with the harmful and widespread ramifications associated with negligent and inattentive electronic filing of court documents. Although electronic filing significantly improves the efficiency and accessibility of our court system, it also elevates the likelihood of identity theft and damage to personal privacy when lawyers fail to follow federal and local rules. The Court therefore imposes upon Moccio the costs associated with preventing identity theft for the harmed parties. The Court also orders Moccio to pay $5000 to the Second Harvest Heartland food bank so that he will keep in mind the interests and safety of dependent parties before he acts in the future.

Accordingly, based upon the files, records, and proceedings herein, IT IS HEREBY ORDERED:

1. Within forty eight (48) hours of this Order, Vincent J. Moccio shall send each person whose private information appeared on the unlawful filing a letter informing them that their social security number and full date of birth was inadvertently made public and informing them that they will receive the following services free of charge unless they specifically state, within seven (7) days, that they do not wish to receive them:

a. FICO Standard Services, which includes a choice of credit reports; and

b. A twelve-month subscription to FICO Quarterly Monitoring.

2. After seven (7) days of mailing the aforementioned letter, Vincent J. Moccio shall provide FICO Standard and FICO Quarterly Monitoring services for all individuals listed in the letter, with the exception of individuals who opt out of receiving such services.

3. Within thirty (30) days of this Order, Vincent J. Moccio shall pay $5,000 to Second Harvest Heartland, 1140 Gervais Avenue, Saint Paul, Minnesota 55109.

4. Vincent J. Moccio shall appear before this Court on October 20, 2010 at 10:00 a.m. to report on the status of the credit reports.